**Arthur E. GRUBBS, Plaintiff-Appellant,**

v.

**The PENNSYLVANIA RAILROAD CO., Defendant-Appellee.**

No. 19847.

United States Court of Appeals, Sixth Circuit.

June 2, 1970.

Charles Roger Andrews, Columbus, Ohio, for appellant.

Michael F. Sullivan, Columbus, Ohio, Robert L. Barton, Bricker, Evatt, Barton & Eckler, Columbus, Ohio, on the brief, for appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Grubbs, an Ohio citizen and a long-time employee of the railroad, was discharged September 2, 1965. This action for breach of contract was filed under 28 U.S.C. §§ 1331 and 1337.

At the time of his discharge Grubbs was a member of the Brotherhood of Railroad Trainmen. There was in existence between the railroad and its employees a collective bargaining agreement pursuant and subject to the Railway Labor Act, 45 U.S.C. § 151 et seq.

The railroad moved to dismiss the action for lack of jurisdiction because the complaint shows on its face that the controversy is within the exclusive jurisdiction of the National Railroad Adjustment Board and that Grubbs has not exhausted his remedies under the Railway Labor Act in that he has failed to avail himself of the procedures for settling disputes prescribed by the collective bargaining agreement. District Judge Joseph P. Kinneary granted the motion to dismiss for lack of jurisdiction on the ground that Grubbs has not exhausted the remedies made available to him by the Railway Labor Act.

We affirm upon the authority of Walker v. Southern Railway Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294, as construed and applied by this Court in Belanger v. New York Central Railroad, 384 F.2d 35, and the cases therein cited.

Under Ohio law, the exhaustion of administrative and contractual remedies is a prerequisite to the filing of an action by a discharged employee against a railroad. Ladd v. New York Central R. R. Co., 170 Ohio St. 491, 504–505, 166 N.E.2d 231, 240. In that case the Supreme Court of Ohio said:

"We conclude that the pertinent provisions of the Railway Labor Act, taken in conjunction with the collective bargaining agreement between the brotherhood and the railroad here, provided a full and complete administrative remedy for the plaintiff which was not exhausted by him. The action was, therefore, prematurely brought * * *."

Affirmed.