LEWIS-HALL IRON WORKS *v.* BETHEL AFRICAN METHODIST EPISCOPAL CHURCH.

1. MECHANICS' LIENS—PROVISION OF STATUTE LIMITING OWNERS' LIABILITY NOT APPLICABLE IN DETERMINING CONTRACTORS' LIABILITY TO MATERIALMAN.

   The provision in the mechanic's lien law (Act No. 140, Pub. Acts 1919), limiting the liability of the owner, part owner, or lessee to the amount of the original contract has no application where the lien has been released by the contractors' filing a bond, and the question at issue is their liability for additional steel furnished to a subcontractor and used in the construction of the building.

2. SAME—MATERIALMAN ENTITLED TO LIEN FOR FULL AMOUNT AS AGAINST CONTRACTORS.

   Where the contractors agreed with a steel manufacturer

[1]Mechanics' Liens, 40 C. J. § 319.

that additional steel should be furnished the subcontractor, and that it should be paid for, the steel manufacturer was entitled to a lien, as against them, for the full amount of its claim, and was not limited by the amount originally fixed in the subcontract.

3. SAME — ARBITRATION AND AWARD — AGREEMENT BETWEEN CONTRACTORS AND SUBCONTRACTOR FOR ARBITRATION NOT BINDING ON MATERIALMAN—WAIVER.

A provision in a contract between the contractors and a subcontractor for the settlement of disputes by arbitration was not binding on a materialman who furnished steel to the subcontractor, where there was no such provision in its contract with the subcontractor, and, if it were binding, the contractors, by going to trial without demanding arbitration, waived said right.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted December 1, 1927. (Docket No. 145.) Resubmitted March 27, 1928. Decided April 3, 1928.

Bill by the Lewis-Hall Iron Works against the Bethel African Methodist Episcopal Church, Nathan Zacks, and Michael Lerner, individually and as copartners as Zacks & Lerner, and others to foreclose a mechanic's lien. From a decree for plaintiff, defendants Zacks & Lerner and others appeal. Affirmed.

*Carey, Armstrong & Weadock,* for plaintiff.

*Bratton & Bratton,* for appellants.

FEAD, C. J. This is a bill for the foreclosure of a mechanic's lien. It is conceded that all the statutory requirements have been observed. The lien was released by Zacks & Lerner's filing a statutory bond, with defendants Shanbom and Furnari as sureties. At the hearing, by consent, the cause was dismissed as to the defendant church corporation.

November 2, 1923, defendants Zacks & Lerner con-

<hr>

³Mechanics' Liens, 40 C. J. § 507; 47 L. R. A. (N. S.) 425; 2 R. C. L. 364; 1 R. C. L. Supp. 514.

tracted to erect a church building for the defendant church corporation.      February 13, 1924, defendant Harris contracted with Zacks & Lerner to furnish and complete the structural and ornamental iron work for the building, for the sum of $11,500.      March 22, 1924, Harris and plaintiff entered into a contract by which the plaintiff, for the sum of $9,500, agreed to furnish and deliver the structural steel for the building, not to exceed 75 tons.      This contract was approved and payments thereunder guaranteed on the instrument itself by Zacks & Lerner.      July 24, 1924, plaintiff, by letter, notified Zacks & Lerner that it had delivered 63 tons of steel and that, with additional balcony and roof details, the total would be 113 tons.      It is the claim of plaintiff that shortly afterwards Zacks verbally agreed to plaintiff's furnishing the additional steel and promised that it would be paid for.      While this was denied by Zacks, it was properly found to be the fact by the circuit judge, as, on July 31st, plaintiff advised Zacks & Lerner by letter that it had proceeded with the additional tonnage, "as per your instructions and your advice and assurance that there would be no question as to payment of same."      This contemporaneous written evidence turns the scale. The total value of steel furnished by plaintiff was $11,396.22.

Before July 24th, $4,500 was paid on the Harris contract, $3,500 to plaintiff and $1,000 to Harris with plaintiff's consent.      Harris claims extras on his contract of $1,929.75.      This claim is denied by defendants.      Zacks & Lerner claim damages against Harris of $859.46 for failure to complete his contract.      Harris admits their claim of noncompletion to the amount of $198.36.      The architects allowed Zacks & Lerner $128.15 for extras on the steel work.      Plaintiff had decree for $8,538.87 and defendants appealed.

Defendants contend that the case is governed by the

provisions of Act No. 140, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 14796), which reads in part as follows:

"The owner, part owner or lessee shall not be liable to the subcontractor, materialmen or laborers, for any greater amount than he contracted to pay the original contractor, and shall be entitled to recoup any damages which he may sustain by reason of any failure or omission in the performance of such contract."

Counsel for defendants urge that the statute limits plaintiff's lien to the amount of the Harris subcontract, $11,500, and additional "extras" of $128.15, with deduction of $4,500 already paid and $859.46 damages for noncompletion.

The defendants evidently have misread the statute. The statutory lien limit of liability for labor and materials is the amount of the contract between the owner and Zacks & Lerner, not of the Harris subcontract. Zacks & Lerner are not owners, part owners, or lessees, nor is Harris, the original contractor. The statute obviously was designed as a measure of protection to the owner, who, presumably, is not a builder and is not in a position to keep check of the costs of construction. There is no good reason to extend the statute beyond its plain language and confuse and restrict materialmen and laborers in order to give advantage to the principal contractor who is in complete control and can protect himself. It nowhere appears in the record that the original contract has been exceeded, and the statute does not apply.

Moreover, the testimony preponderates that the steel, over the contracted 75 tons, was furnished by plaintiff as a result of assurance by Zacks & Lerner that it would be paid for. This was, as the circuit court held, an original and independent undertaking, apart from the written contract. Consequently, such excess must be considered without reference to the limits of

the Harris subcontract.   Plaintiff's original contract claims of $9,500, added to the $1,000 paid Harris with its consent, and the damages for noncompletion claimed by the defendants would not exhaust the Harris contract of $11,500 with admitted extras.   So the plaintiff's lien is for the full amount of its claim.

The Harris subcontract contained a provision for the settlement of disputes by arbitration.   No such clause appears in plaintiff's contract, either directly or by reference, but defendants say it is binding on plaintiff and urge it as a bar to this action.   The contention is untenable.   If it were sound, defendants waived the provision by failing to demand arbitration and going to trial without raising the question.   They made no suggestion of it until the testimony had been completed.

The decree of the circuit court is affirmed, with costs to the plaintiff.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.