SPENCER *v.* WALL WIRE PRODUCTS COMPANY.

GOOCH *v.* SAME.

1. LABOR RELATIONS—UNION CONTRACTS—SENIORITY—ACTION FOR BREACH—GRIEVANCES.

Exhaustion of grievance procedure provided by union contract with defendant employer was a prerequisite to bringing actions for damages by 2 members of the union for their discharges as breaches of the seniority provisions of such contract.

2. CONTRACTS—BREACH—UNION GRIEVANCE PROCEDURE.

Evidence presented in actions by 2 former employees for damages for breach of seniority provisions of their union's contract with defendant employer *held,* to show as a matter of law that plaintiffs, who had been discharged for having been involved in

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 31 Am Jur, Labor § 124.
Effect and necessity of resort to means of adjustment provided for by collective labor agreement. 95 ALR 10, 52.

passing forged checks drawn on defendant's bank account, had failed to employ or exhaust the grievance procedure provided by the union contract and that defendant had not been shown to have prevented them from doing so.

3. PLEADING—MOTION TO DISMISS—AFFIRMATIVE DEFENSES—WAIVER.
The affirmative defense of failure to exhaust grievance remedies provided by contract between defendant employer and union of which plaintiffs were members was properly raised by defendant's answers, no waiver having resulted from defendant's failure to make a motion to stay or to dismiss before trial.

4. LABOR RELATIONS—GRIEVANCE PROCEDURE—EVIDENCE.
Motions for judgments *non obstante veredicto* in actions for breach of seniority provisions of union contract with defendant employer were properly granted, where evidence failed to support plaintiffs' claim that defendant had balked, interfered with and prevented plaintiffs from doing so and that the defense had been waived by defendant's refusal to entertain, process, or discuss plaintiffs' grievances.

Appeals from Wayne; Brown (Charles L.), J., presiding. Submitted June 4, 1959. (Docket Nos. 37, 38, Calendar Nos. 47,788, 47,789.) Decided October 12, 1959.

Case by Raymond Spencer against Wall Wire Products Company, a Michigan corporation, for damages arising under union contract by reason of discharge from employment. Judgment *non obstante veredicto* for defendant. Similar action by Burl Gooch with similar result. Plaintiffs appeal. Cases consolidated on appeal. Affirmed.

*Dee Edwards,* for plaintiffs.

*Charles A. Bryan* (*Clark, Ladner, Fortenbaugh & Young,* of counsel), for defendant.

DETHMERS, C. J.  Defendant discharged plaintiffs from its employ for reasons set forth in *Gooch* v. *Wachowiak,* 352 Mich 347, believing them to have been involved in passing forged checks drawn on

defendant's bank account. Plaintiffs were members of a union which had a labor contract with defendant. Plaintiffs sued in separate suits, declaring on their discharges as constituting breaches of the seniority provisions of that contract. Defendant answered, raising as an affirmative defense that plaintiffs had failed to resort to the grievance procedure provided by the contract. Plaintiffs filed replies alleging that defendant had balked, interfered with, and prevented their attempts to do so, thereby becoming estopped from raising such defense, and also that the defense had been waived by defendant's refusal to entertain, process, or discuss plaintiffs' grievances.

Grievances were presented for plaintiffs to defendant by union representatives. The undisputed testimony reveals that at meetings between representatives of the union and of defendant the former informed the latter that they were withdrawing the grievances because plaintiffs had not filed them in accordance with the grievance procedure provisions of the contract; and they were thus withdrawn. The only testimony even remotely bearing on the alleged refusal of defendant to observe the grievance procedure is that of the former chairman of the local union to the effect that defendant's officials had told him that they intended to see that the discharges would stand, and that they were going to spend a lot of money to see that they did. No other grievances in this connection were submitted after withdrawal of the first ones, either by plaintiffs or the union, no demands for arbitration as provided in the contract were ever made thereafter by plaintiffs or the union, and the plaintiffs never approached defendant's officers in an effort to regain their jobs. There is no testimony or evidence that demands upon defendant for arbitration would have been futile, or that defendant refused to consider or process plaintiffs' grievances in accord with the contract provisions.

On the above state of the record the court properly entered judgments *non obstante veredicto* for defendant, after holding that plaintiffs had failed to employ or exhaust the grievance procedure provided by contract, a prerequisite to bringing suit (See *Mayo* v. *Great Lakes Greyhound Lines,* 333 Mich 205, and *Sewell* v. *Detroit Electrical Contractors Association,* 345 Mich 93), and that there were no proofs that defendant was guilty of preventing them from doing so.

Plaintiffs say that the mentioned defense of failure to exhaust grievance remedies was waived by defendant's failure to raise it by motion to stay or to dismiss before trial, and by going to trial on the merits. That defense was raised, as an affirmative defense, in defendant's answers. That fact distinguishes these cases from *Lewis-Hall Iron Works* v. *Bethel African Methodist Episcopal Church,* 242 Mich 126, in which the defense was not raised until after the testimony had been completed on trial, and other cases of like import cited by plaintiffs. Plaintiffs, in their replies, alleged, as already noted, that they were prevented by defendant from having recourse to the grievance procedure. Thus an issue of fact was presented by the pleadings, not to be disposed of on motion before trial and the taking of proofs. *Watts Construction Co.* v. *Joint Clutch & Gear Service, Inc.,* 325 Mich 548. No waiver resulted from defendant's failure to make such motion. After plaintiffs' proofs were in on this issue, the court, as above indicated, properly granted defendant's motions for judgments *non obstante veredicto* for lack of proofs to support plaintiffs' position thereon.

Affirmed, with costs to defendant.

Carr, Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.