PENNINGTON v. WHITING TUBULAR PRODUCTS, INC.

1. LABOR , RELATIONS—COLLECTIVE BARGAINING CONTRACT—BREACH—
ACTION IN STATE COURT—UNFAIR LABOR PRACTICES.

A common-law action for damages for breach of a collective
bargaining contract between a labor organization and an em-
ployer in an industry affecting interstate commerce may be
maintained against the employer in a State court by an in-
dividual employee who is a member of such labor organization,
even when the conduct constituting the breach of contract con-
cededly is also an unfair labor practice within the jurisdiction
of the national labor relations board.

2. SAME—UNION'S ABANDONMENT OF GRIEVANCE PROCEDURE—ACTION
BY EMPLOYEES FOR BREACH OF COLLECTIVE BARGAINING CONTRACT—
SENIORITY—QUESTIONS REVIEWABLE.

Defendants' claim that failure of union to exhaust grievance
remedies under collective bargaining contract precluded re-
covery in employees' action based on breach of seniority pro-
vision in recall of employees who have been laid off *held*, not
tenable, since abandonment of grievance claim by union would
not be binding on employees as third-party beneficiaries, es-
pecially where defendants' cross appeal does not raise the issue.

3. EVIDENCE—ASSIGNMENT OF RIGHTS OF ACTION—BREACH OF COLLEC-
TIVE BARGAINING CONTRACT.

Assignment of rights of action by former employees of de-
fendant corporation was properly admitted in its entirety in
evidence in action by the 3 assignees thereof in whose names the

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Labor §§ 327–329.
[2] 31 Am Jur, Labor §§ 128, 129.
    Right of individual employee to enforce collective labor agree-
ment against employer. 18 ALR2d 352.
[3, 4] 20 Am Jur, Evidence § 245 *et seq.*
[5, 6] 31 Am Jur, Labor §§ 130–132.
[7] 39 Am Jur, New Trial §§ 4–12, 28.
[8] 14 Am Jur, Costs § 91 *et seq.*

action was brought to recover damages for breach of collective bargaining contract with respect to seniority in the recall of employees after a layoff, where there was testimony relative to its preparation, procurement of signatures thereto, and identification by individual plaintiffs of their signatures, indicating no part of the exhibit was spurious.

4. APPEAL AND ERROR—EXCLUSION OF TESTIMONY OF ATTORNEY FOR PLAINTIFFS.

Claimed error in admission of testimony of attorney who had acted on behalf of plaintiffs, former employees of defendant corporation, in action for damages for alleged breach of seniority provisions of collective bargaining contract, *held*, not well-founded, where no sufficient reason is apparent for excluding his testimony.

5. LABOR RELATIONS—BREACH OF COLLECTIVE BARGAINING CONTRACT— DAMAGES—UNEMPLOYMENT COMPENSATION.

It was error for trial judge to instruct jury, in action by former employees of defendant corporation for breach of seniority provision in collective bargaining contract in recalling employees who had been laid off, that jury should deduct payments received by the plaintiffs under the employment security act, since such act does not suggest that the payment of unemployment compensation is to be construed as in lieu of wages (CL 1948, § 421.2).

6. SAME—BREACH OF COLLECTIVE BARGAINING CONTRACT—DAMAGES— EVIDENCE—NEW TRIAL.

The right of each of the plaintiffs, former employees of defendant corporation in action against it for damages for breach of seniority provision of collective bargaining contract with respect to recall after layoff, to recover damages must be proved with the same degree of particularity as would be required if separate individual actions had been instituted instead of having been assigned to plaintiffs named, hence, where record fails to show that has been done, the verdict in an aggregate amount cannot stand, cause is reversed and remanded for further proceedings under Supreme Court's inherent authority to grant a new trial to prevent injustice to some plaintiffs.

7. NEW TRIAL—SUPREME COURT.

The Supreme Court's inherent authority to grant a new trial is exercised to prevent injustice to individual plaintiffs.

8. Costs—New Trial.
  No costs are allowed on appeal and cross appeal from order granting defendants' motion *non obstante veredicto,* where decision results in setting aside verdict but requires further proceedings pursuant to exercise by Supreme Court of its inherent power to grant a new trial.

Appeal from Wayne; Weideman (Carl M.), J. Submitted April 2, 1963. (Calendar No. 1, Docket No. 48,847.) Decided July 17, 1963. Rehearing denied September 4, 1963.

Action by Opal Pennington, Pauline Henson, and Joan Shore, individually and as assignee of 67 other employees, against Whiting Tubular Products, Incorporated, a Michigan corporation, their employer, and against Novi Products Company and Dover Products Company, both Michigan corporations, organized for manufacturing products similar to those of their employer, for wages claimed due because of failure to employ under seniority provisions in labor union employment agreement. Judgment for defendants *non obstante veredicto.* Plaintiffs appeal. Defendant Whiting Tubular Products, Incorporated, cross-appeals. Reversed and remanded for new trial.

*Livingston, Ross & Van Lopik (Winston L. Livingston, Bruce A. Miller,* and *Nancy Jean Van Lopik,* of counsel), for plaintiffs.

*Bishop, Keller, Thoma & McManus (Charles W. Bishop* and *Charles E. Keller,* of counsel), for defendant Whiting Tubular Products, Incorporated.

CARR, C. J. In 1953, and thereafter until June 30, 1955, defendant Whiting Tubular Products was engaged in a manufacturing business, including the fabrication of tubular products, in Melvindale. The

plaintiffs in this case and their assignors were each for a portion of said period employed by said company, hereinafter referred to as Whiting. It appears that they were members of the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW-CIO) and its affiliated Local 985, referred to in the record as the "union".

Under date of June 2, 1953, Whiting entered into a written agreement with said union acting on behalf of the company's employees, which set forth at some length the rights and obligations of the respective parties thereto. The union was recognized as the exclusive bargaining agency for the employees, with certain named exceptions not applicable in the instant case. Said agreement, among other clauses, provided for seniority on the part of employees, subject to the following provisions found in article 6, section 2, of the contract:

"*Section 2.* Employees shall lose seniority and employment rights shall cease for the following reasons:

"(a) Employee quits.

"(b) Employee is discharged and not reinstated through the grievance procedure.

"(c) Employee is absent for 2 days for any reason without notifying 1 of the members of the management of the company. Upon receipt of such notice, management shall in turn notify the chief steward in writing.

"(d) Employees on layoff fail within 3 calendar days to report for work after being notified to do so. Written notice by registered mail or telegram to last-known address shall be considered notice. Employees shall notify the company of any change in address and receive a receipt for same. This is to be applied to seniority employees.

"(e) After 1 year of continuous layoff or length of service, whichever is greater."

It was further provided that the company should keep a true copy of the seniority list. Provisions were also made in the agreement with reference to layoffs and the recall of employees thereafter. Article 2, section 1, of the agreement, involved in the present controversy, reads as follows:

"*Section 1.* The right to discharge or discipline for cause, maintain discipline and efficiency of employees, and establish standards of production is the sole responsibility of the company, subject to the right of appeal through the grievance procedure herein. In addition, and insofar as it does not conflict with the terms of this agreement, the right to hire, the work to be performed, the location of the plant, the schedules of production, the methods, processes and means of manufacturing and methods of control are solely and exclusively the responsibility of the company. It is understood that if the company changes the location of the present plant, employees on the seniority list shall be given the first opportunity to take a job at the new location."

It is a fair inference from the record before us that the operations of Whiting were not wholly satisfactory from a financial standpoint. Apparently its management concluded that the contract with the union imposed obligations resulting in excessive costs in the conduct of the business. When the agreement came up for renewal in June, 1953, a strike occurred. However, the agreement under date of July 30, 1954, was extended to June 2, 1955, and subsequently to June 2, 1956. Beginning in the spring of 1954 the company laid off a number of employees, and on July 30th of that year posted a notice advising its employees that it was going out of the tube fabricating business. Its plant was offered for sale. However, operations on a somewhat limited scale continued there until June 30, 1955.

Thereafter the plant was sold and possession given to the purchaser in September following.

In the summer of 1954 the defendant Novi Products Company was incorporated and commenced operations on or about August 15th of that year. By agreement with Whiting, machinery was moved to the Novi plant from Whiting. Defendant Dover Products Company was also organized, with its place of business located in the city of Detroit. Both of said corporations engaged in the business of fabricating tubular products. It was the claim of plaintiffs as set forth in their declaration that both were organized for the purpose of taking over the fabricating business previously conducted by Whiting, that each was wholly controlled by Whiting which acted as a sales representative, and that in effect the operations at Novi and Dover were merely a continuation of the fabricating business of Whiting. In other words, it was and is the theory of plaintiffs that the organizations of Novi and Dover merely effected a change in the location of Whiting's fabricating operations, and that, in consequence, employees laid off by Whiting were entitled to be employed at such new locations. The suit was instituted in circuit court on the theory that the agreement made with the Union with reference to continued employment of Whiting employees in the event of a change of location, above quoted, had been violated. It is conceded that such employment was not offered to plaintiffs, or any of their assignors, by Whiting or either of the other corporations.

Acting under the advice of counsel the employees selected 3 of their number, plaintiffs Pennington, Henson, and Shore, to bring suit for damages against the defendant corporations. The declaration filed was based on the theory that as third-party

beneficiaries[1] the plaintiffs were entitled to maintain the action for damages due to alleged loss of employment that defendants were obligated to furnish. It was specifically claimed that the purpose in the organization of Novi and Dover was to avoid the obligation of the contract that had been made by the union for the protection and benefit of employees of Whiting. An assignment was prepared by counsel, transferring to the 3 plaintiffs named the cause of action of a large number of employees so that the suit as filed actually consisted of many individual actions, each such claim, however, being based on the alleged breach of contract. It was provided in the form of assignment executed that any money collected as the result of a judgment, if obtained, would be distributed to the persons entitled thereto in proportion to the damages established by each, less attorney fees and costs.

On behalf of defendants it was denied that there was any breach of contract, it being claimed that Novi Products Company and Dover Products Company were organized in good faith and that they operated as independent corporations not subject to the control of Whiting. It was also claimed on behalf of defendants that the controversy involved an alleged unfair labor practice and as such was within the exclusive jurisdiction of the national labor relations board. A motion to dismiss on the ground of lack of jurisdiction in the State court was submitted, taken under advisement, and denied following the conclusion of the trial. For purposes of convenience the parties in whose names the suit was brought, and their assignors, will be referred to herein as plaintiffs.

---

[1] PA 1937, No 296 (CL 1948, § 691.541 *et seq.* [Stat Ann 1953 Rev § 26.1231 *et seq.*]). (Superseded by section 1405, revised judicature act, effective January 1, 1963, PA 1961, No 236 [assigned CL 1948, § 600.1405 (Stat Ann 1962 Rev § 27A.1405)].)

The case was tried before a jury and continued for approximately 7 weeks. The trial judge submitted the issues involved to the jury, the members of which were furnished with writing materials to the end that they might make such notations as they desired as the proofs were submitted. The jury was directed, if it found the plaintiffs were entitled to recover, to return a verdict for the aggregate amount thereof. After the jury had deliberated for some time the trial judge recalled it to the courtroom and gave further instructions to pass separately on the claim of each plaintiff who had testified in the case. The result was a verdict against Whiting in the aggregate amount of $67,355. In connection with the rendition of such verdict the jury also reported its findings with reference to each plaintiff to whom damages were awarded, 49 in number. Counsel for plaintiffs moved that judgment be entered on the verdict, which motion was denied. Defendants had asked for a directed verdict at the conclusion of the proofs and renewed their request by motion for judgment notwithstanding the verdict, relying principally on the ground that the proofs were not sufficient to support the findings of the jury. Said motion was granted. The trial judge indicated his reasons for his ruling as follows:

"The defendant's second motion, for a judgment of no cause of action, filed by the defendant, will be granted, or to set aside the judgment, for the reason that the facts failed to show by a preponderance of the evidence the damages to which the individual plaintiffs were entitled. In this case the court instructed the jury to bring back the amount that each person was entitled to. The court finds that while 74 cases were consolidated into 1, that the measure of damages in each individual case should have been proven the same as if there were 74 individual suits filed in this court; that among other things, but not

in exclusion of other matters that were urged in the motions or set forth at various times during the trial or after the trial and before verdict, there was no date of seniority that was proven by a preponderance of the evidence in the individual cases; that the measure of damages were not proven in the individual cases; that there was a lack as to when the parties were entitled to go back to work, at what date they would have been entitled to be rehired at Novi or at Dover; there was nothing showing how many could have been employed at 1 day and were not, and the damages would not accrue against the defendant Whiting unless at the period within which damages were claimed it was shown that this particular or individual plaintiff was entitled to a job at Whiting or Novi or Dover, under the charge of the court."

Judgment was entered in accordance with the finding of the trial judge. Plaintiffs have appealed from such judgment and from the order denying motion to enter judgment in their favor. On behalf of Whiting a claim of general cross-appeal was filed for consideration in the event that the Court on appeal should determine that the trial court was in error in granting the motion for judgment notwithstanding the verdict of the jury. Counsel have discussed in their briefs and on oral argument the issues that they claim are controlling in the case but have not undertaken to analyze the testimony relating to the specific claims of plaintiffs or any of them. It is asserted by counsel for plaintiffs that the proofs were sufficient to support the verdict and that the trial court was in error in holding otherwise. Counsel for defendants argue to the contrary.

As before noted, counsel for defendants contended in the trial court that exclusive jurisdiction was vested in the national labor relations board on the ground that the case involved an alleged unfair

labor practice. It appears, however, that this question is in effect ruled by the decision of the United States supreme court in *Smith* v. *Evening News Association,* 371 US 195 (83 S Ct 267, 9 L ed 2d 246). The holding there is tersely summarized in the syllabus, which reads as follows:

"A common-law action for damages for breach of a collective bargaining contract between a labor organization and an employer in an industry affecting interstate commerce may be maintained against the employer in a State court by an individual employee who is a member of such labor organization—even when the conduct constituting the breach of contract concededly is also an unfair labor practice within the jurisdiction of the national labor relations board."

It is further suggested by counsel in their supplemental brief that because a grievance filed by the union was not pursued to a conclusion remedies provided by the contract had not been exhausted. We do not think the argument well-founded. Under the decision above cited the conclusion would seem to follow that the action of the union in abandoning the grievance claim was not binding on the plaintiffs. Furthermore, defendant Whiting's cross-appeal does not raise the issue.

On behalf of defendant and cross-appellant it is further argued that the assignment executed by Whiting's former employees to the 3 individuals in whose name the case was filed was improperly admitted in evidence because of lack of competent testimony establishing its verity. Apparently the exhibit consisted of 8 pages bearing signatures of plaintiffs, which may have been separately signed and then offered in connection with assignment of the individual causes of action. However, the testimony relating to the preparation of the assign-

ment, the procuring of signatures thereto, and particularly the identification by individual plaintiffs of their signatures when the exhibit was shown to them, was sufficient to indicate that no part of the exhibit was spurious. The trial court was not in error in admitting it in its entirety. Neither do we think that the objection interposed on behalf of defendants to the testimony of the attorney acting on behalf of plaintiffs was well-founded. No sufficient reason is apparent to indicate that such testimony should have been excluded.

In submitting the case to the jury the trial judge charged that payments received by the individual plaintiffs under the employment security act of the State[2] should be deducted. It may be noted in this regard that the report by the jury with reference to the awards of damages made to the individual plaintiffs receiving such made no mention of deductions, but it may be presumed that the direction of the court was followed. It is urged on behalf of plaintiffs that such deductions were not permissible, and it is suggested that in the event of a decision by this Court that judgment should be entered on the verdict of the jury, the amount of such deductions should be added and this Court should order the entry of judgment in the increased amount. Whether such course should be pursued under proper circumstances does not call for discussion at this time. We conclude, however, that the trial judge was in error in his direction to the jury. The purpose of the employment security act as set forth by the legislature in section 2[3] thereof indicates the object sought to be attained was the promotion of the public good and general welfare of the people of the State. There is nothing in the act to suggest

---

[2] PA 1936 (Ex Sess), No 1 (CL 1948, § 421.1 *et seq.*, as amended [Stat Ann 1960 Rev § 17.501 *et seq.*]).
[3] CL 1948, § 421.2 (Stat Ann 1960 Rev § 17.502).—REPORTER.

that the payment of unemployment compensation is to be construed as in lieu of wages. *Godsol* v. *Unemployment Compensation Commission,* 302 Mich 652 (142 ALR 910). An analogous question was decided in *Kurta* v. *Probelske,* 324 Mich 179, an action for damages for personal injuries, where it was held that:

"The fact that plaintiff received unemployment benefits during disability because of defendant's negligence does not mitigate damages recoverable for personal injuries received." Syllabus 5.

This brings us to a consideration of the most serious question involved in the case. Was the trial judge in error in holding as set forth in the following excerpt from his opinion?

"That the measure of damages were not proven in the individual cases; that there was a lack as to when the parties were entitled to go back to work, at what date they would have been entitled to be rehired at Novi or at Dover; there was nothing showing how many could have been employed at 1 day and were not, and the damages would not accrue against the defendant Whiting unless at the period within which damages were claimed it was shown that this particular or individual plaintiff was entitled to a job at Whiting or Novi or Dover, under the charge of the court."

The record indicates that on the 15th of August, 1954, when its operation started, 8 persons were hired at Novi. It is conceded that none of such individuals so employed had been on the payroll at Whiting. Apparently they were paid at a lesser rate per hour than the plaintiffs in the instant case had received. Under the agreement between Whiting and the union, which is the basis of the plaintiffs' suit, it may be assumed that 8 former employees of Whiting having sufficient seniority to give them preference

were entitled to offers of employment at Novi, which the jury evidently found to be under the control of Whiting. The question is naturally presented: which of such employees should have been tendered the available jobs? The record before us does not furnish the answer.

It is the claim of counsel for plaintiffs that a breach as to 1 such employee "became a breach as to all." We are not in accord with such claim. Whether all persons entitled to claim a breach of the contract as to them on the date mentioned are plaintiffs in the present litigation does not appear. It must be borne in mind that other employees of Whiting having proper seniority were entitled to the same rights as the plaintiffs possessed under the contract between the employer and the union. The record fails to show with requisite degree of clarity that Novi and Dover hired a number of employees equal to or greater than those who had seniority entitling them to preference in such hiring prior to the expiration of the respective periods during which such seniority continued.

That the contract between the union and Whiting contemplated a preference in employment to those who had worked for said corporation, and obtained seniority as specified, in accordance with their rank in that respect is scarcely open to question. It is not conceivable that the parties intended that in the event of a change in location of the Whiting plant all laid-off employees having seniority should be entitled to immediate employment at the new location. The contract did not so read.

Coming to the problem presented in the instant case it is apparent that the right of each plaintiff to recover damages must be proved with the same degree of particularity as would be required if separate individual actions had been instituted. It was, therefore, incumbent on each plaintiff to establish

by competent proof the date on which he or she was entitled to be employed at Novi or at Dover. The proofs in the record failed in this respect. Without such showing damages could not be properly computed, nor the right thereto determined. On the record before us the circuit judge correctly held that the verdict as returned by the jury could not be sustained.

The case presents an unusual and decidedly unsatisfactory situation. The record indicates that some of the plaintiffs may be entitled to recover damages while others to whom the jury actually made awards may not be so entitled. Judgment may not properly be entered on the verdict of the jury for the reasons stated. It is equally apparent that the judgment entered in circuit court in favor of defendants may result in injustice to at least some of these plaintiffs. With the thought in mind that such a result should be avoided if possible, this Court will exercise its inherent authority to grant the right to a new trial.

The case is remanded with directions to set aside the judgment entered in defendants' favor, and for further proceedings in the trial court. No costs are allowed on these appeals.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.