Joseph J. **BELANGER**, Plaintiff,

v.

The **NEW YORK CENTRAL RAILROAD COMPANY**, a Delaware corporation, Defendant.

Civ. A. No. 25287.

United States District Court
E. D. Michigan, S. D.

Feb. 10, 1966.

Harry L. Gervais, Detroit, Mich., for plaintiff.

Frederic L. Wyckoff, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

McCREE, District Judge.

Plaintiff was discharged from defendant's employ under circumstances which he contends violated his rights under the collective bargaining agreement entered into between his union and defendant. In this action he seeks damages for the alleged wrongful discharge and defendant has moved for summary judgment.

All that need be said with regard to the underlying facts is that plaintiff was requested by his employer to submit to a medical examination, the necessity for which plaintiff, on advice of counsel, disputed. Plaintiff refused to submit to the examination and was soon thereafter asked to cease work until he complied with the request. The plaintiff alleges in his complaint that he appealed to his union and they refused to assist him unless he submitted to the disputed medical examination. Plaintiff further alleges that defendant refused to grant him an investigation and a hearing on his discharge to which he was entitled under the terms of the then current collective bargaining agreement between his union and the railroad.

The railroad, in the present motion, contends that the court does not have jurisdiction over this matter because plaintiff has not exhausted his internal remedies under the collective bargaining agreement, and has not brought the dispute to the attention of the National Railroad Adjustment Board, the body having primary jurisdiction over this matter. On the other hand, plaintiff claims that defendant's allegedly wrongful denial to him of an investigation and a hearing made it impossible for plaintiff to pursue any further remedies, either under the contract or before the Adjustment Board. Thus, plaintiff contends that if exhaustion is required, he has pursued every remedy practically available to him and thereby has satisfied any such requirement. Alternatively, plaintiff contends that prior exhaustion is not required in an action of this sort.

The first question is whether a discharged employee, subject to the Railway Labor Act, who acquiesces in his allegedly wrongful discharge, may bring an action for money damages without first having exhausted his administra-

tive remedies. The National Railroad Adjustment Board is empowered to hear and resolve disputes between an employee, group of employees and a carrier or carriers growing out of grievances or disputes over the application of collective bargaining agreements. 45 U.S.C. § 153(i). The prior law on this question allowed a wrongful discharged employee to sue for money damages without exhausting his contract remedies and without petitioning the National Railroad Adjustment Board for redress only if the action was brought in a state, the courts of which would allow such an action without requiring prior exhaustion of either type mentioned above. Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953). Although this doctrine has not been changed by the United States Supreme Court, its continued validity has recently been called into serious question. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964) (dissenting opinion of Mr. Justice Black).

In *Maddox*, the *Koppal* rule concerning exhaustion requirements as applied to an employee subject to the Railway Labor Act was not involved. That question was expressly left open by the majority to be decided at some future date when the issue would be squarely presented by the facts of a case. Such a case subsequently arose and was decided by the Fourth Circuit Court of Appeals. Walker v. Southern Ry. Co., 354 F.2d 950, 4th Cir., December 22, 1965. The court held that the *Maddox* decision applies also to cases involving railroad employees and requires prior exhaustion of remedies both under the collective bargaining agreement and before the National Railroad Adjustment Board before a court action for damages may be brought. I agree with the reasoning supporting that decision because it results in submitting all such labor disputes to the Board's expertise for uniform resolution which will help to stabilize this sometimes turbulent area of law. Furthermore, by requiring initial recourse to the contract remedies, the

purpose of the Railway Labor Act to encourage peaceful settlement of disputes by the collective bargaining process will be furthered. Finally, this decision is in conformity with the current trend of labor law in other areas which encourages and even requires resort to contract and administrative remedies prior to a court action for relief.

■ However, even if the *Koppal* doctrine should be followed, the result in this case would be the same. The question then would be whether the courts of the State of Michigan would allow an action for money damages by an employee allegedly wrongfully discharged without first requiring him to exhaust his contract and administrative remedies. Michigan cases deciding that point have uniformly required prior exhaustion. Spencer v. Wall Wire Prods. Co., 357 Mich. 296, 98 N.W.2d 615 (1958); Cortez v. Ford Motor Co., 349 Mich. 108, 84 N.W.2d 523 (1957). Plaintiff relies on Pennington v. Whiting Tubular Prods., Inc., 370 Mich. 590, 122 N.W.2d 692 (1963) as authority for excusing exhaustion of remedies. Although there is some language in that opinion which might suggest that principle, it is clear that the court did not purport to rule on the question of exhaustion since it had not been properly raised on appeal. It should be noted that *Pennington* was decided before the United States Supreme Court decision in *Maddox* which enunciated the exhaustion requirements and applied them even to actions brought in state courts. An additional circumstance which raises doubt as to the propriety of plaintiff's reliance on *Pennington* is a decision which the Michigan Supreme Court announced on the same day, Ries v. Evening News Ass'n, 370 Mich. 614, 122 N.W.2d 663 (1963). In this case, there were two opinions reflecting an evenly divided court. One opinion avoided the difficult question of exhaustion by resting its decision on another point, but the other opinion dealt with the question at length. Although this opinion assumed the continuing validity of *Spencer* and *Cortez*, it restricted these

cases by approving an alternative method of exhaustion peculiar to the Labor Management Relations Act, 29 U.S.C. § 159(a), in addition to the ordinary contract grievance procedures. But, despite this restriction and despite the language of *Pennington*, I find that the courts of Michigan do require some form of exhaustion, which at the minimum was not fulfilled by plaintiff. Thus, even under the *Koppal* doctrine, plaintiff's action would be barred for lack of prior exhaustion.

▆ Plaintiff contends that he was denied certain hearing rights granted him under the collective bargaining agreement. The court observes that under 45 U.S.C. § 153(i), the normal contract grievance procedures are to be exhausted before presenting the dispute to the Adjustment Board. However, if plaintiff believes that he was excused from exhausting his contract remedies because they were not practically available, he should first present that claim of justification to the Board having primary statutory jurisdiction and not to the court.

For the foregoing reasons, defendant's motion for summary judgment is hereby granted.