Joseph J. BELANGER, Plaintiff-
Appellant,

v.

The NEW YORK CENTRAL RAILROAD
COMPANY, Defendant-Appellee.

No. 17267.

United States Court of Appeals
Sixth Circuit.

Sept. 20, 1967.

Harry L. Gervais, Detroit, Mich., for appellant.

Frederic L. Wyckoff, Detroit, Mich., for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action for damages, brought by a former railroad fireman and engineer for his alleged wrongful discharge. Following an altercation with a fellow employee, the railroad company asked plaintiff-appellant to submit to a psychiatric examination along with his required physical examination. The former he declined to do and because of it he subsequently was discharged. Some three years after his discharge, appellant, without exhausting his administrative remedies, brought this suit. The District Court granted summary judgment in favor of the railroad company, holding that appellant had failed to exhaust his administrative remedies.[1]

We affirm.

---

1. The District Court, 274 F.Supp. 500, relied in part upon Walker v. Southern Ry. Co., 354 F.2d 950 (C.A.4), which was reversed, 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294, rehearing denied, 385 U.S. 1020, 87 S.Ct. 699, 17 L.Ed.2d 559.

■ A railway employee who feels that he has been unjustly discharged has two recourses available: (1) he may use the various administrative remedies provided by the collective bargaining agreement, subject to the Railway Labor Act, and his right of review before the National Railroad Adjustment Board; or (2) he may sue for damages without exhausting his contractual and administrative remedies if the action is brought in a State the courts of which would allow such action without prior exhaustion, provided that he accept his discharge as final. Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; Slocum v. D., L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.

In Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed. 580, the Court held that in contracts subject to the Labor Management Relations Act, where the grievance procedures are incorporated voluntarily in the agreement by the parties, these procedures must be exhausted before direct legal redress may be sought by the employee, unless the parties specify that these procedures are to be nonexclusive. Although the Court reserved the question of the continuing validity of the *Koppal, Slocum* and *Moore* cases in *Maddox*, 379 U.S. at 657, fn. 14, 85 S.Ct. 614, much doubt was cast as to their future applicability. See Walker v. Southern R. Co., 354 F.2d 950 (C.A.4), rev. 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294, rehearing denied, 385 U. S. 1020, 87 S.Ct. 699, 17 L.Ed.2d 559; Neal v. System Bd. of Adjustment, 348 F.2d 722 (C.A.8).

In Walker v. Southern Railway Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294, rehearing denied, 385 U.S. 1020, 87 S.Ct. 699, 17 L.Ed.2d 559, the Court held that the *Moore, Slocum* and *Koppal* cases should not be overruled, at least insofar as they apply to Railway Labor Act cases not subject to the revisions of the grievance procedures brought about by Congress in Public Law 89–456, 80 Stat. 208, effective June 20, 1966.

■ Since appellant did not have available to him the 1966 amendments to the Railway Labor Act, the *Koppal* rule is applicable to this case. It follows that then District Judge Wade H. McCree, Jr., now a judge of this Court, 274 F.Supp. 500, correctly held that:

"The question then would be whether the courts of the State of Michigan would allow an action for money damages by an employee allegedly wrongfully discharged without first requiring him to exhaust his contract and administrative remedies. Michigan cases deciding that point have uniformly required prior exhaustion. Spencer v. Wall Wire Prods. Co., 357 Mich. 296, 98 N.W.2d 615 (1958); Cortez v. Ford Motor Co., 349 Mich. 108, 84 N.W.2d 523 (1957). Plaintiff relies on Pennington v. Whiting Tubular Prods., Inc., 370 Mich. 590, 122 N.W.2d 692 (1963) as authority for excusing exhaustion of remedies. Although there is some language in that opinion which might suggest that principle, it is clear that the court did not purport to rule on the question of exhaustion since it had not been properly raised on appeal. It should be noted that Pennington was decided before the United States Supreme Court decision in Maddox which enunciated the exhaustion requirements and applies them even to actions brought in state courts. An additional circumstance which raises doubt as to the propriety of plaintiff's reliance on Pennington is a decision which the Michigan Supreme Court announced on the same day, Ries v. Evening News Ass'n, 370 Mich. 614, 122 N.W.2d 663 (1963). In this case, there were two opinions reflecting an evenly divided court. One opinion avoided the difficult question of exhaustion by resting its decision on another point, but the other opinion dealt with the question at length. Although this opinion assumed the con-

tinuing validity of Spencer and Cortez, it restricted these cases by approving an alternative method of exhaustion peculiar to the Labor Management Relations Act, 29 U.S.C. § 159(a), in addition to the ordinary contract grievance procedures. But, despite this restriction and despite the language of Pennington, I find that the courts of Michigan do require some form of exhaustion, which at the minimum was not fulfilled by plaintiff."

Affirmed.