ADAMA v DOEHLER-JARVIS, DIVISION OF N L INDUSTRIES,
INC (ON REMAND)

Docket No. 79944. Submitted August 17, 1984, at Lansing.—Decided
August 6, 1985. Leave to appeal applied for.

Defendant, Doehler-Jarvis, Division of N L Industries, Inc., closed
its manufacturing plant in Grand Rapids and moved that
plant's operations to Toledo, Ohio. Plaintiffs, Marinus Adama
and others, former employees at the plant, brought an action
against Doehler-Jarvis alleging that the employer's considera-
tion of the costs of supplemental pension benefits for the Grand
Rapids workers in making the decision to close the plant
constituted age discrimination prohibited under the Fair Em-
ployment Practices Act (now the Elliott-Larsen Civil Rights
Act). In a jury trial in Kent Circuit Court, George R. Cook, J.,
the defendant was found liable for age discrimination and
damages, including attorney fees, were assessed. Defendant
appealed from the finding of liability and the award of attorney
fees, and the plaintiffs cross-appealed as to damages. The Court
of Appeals reversed the jury's finding of liability. 115 Mich App
82 (1982). Plaintiffs sought leave to appeal to the Supreme
Court which in lieu of granting leave to appeal reversed the
judgment of the Court of Appeals and remanded the case back

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Civil Rights §§ 226-228.
Who is "employee" within meaning of Age Discrimination in Em-
ployment Act (29 USCS §§ 621-634). 69 ALR Fed 700.
Construction and application of Age Discrimination in Employment
of 1967 (29 USCS §§ 621 et seq.). 24 ALR Fed 808.

[2] Am Jur 2d, Civil Rights §§ 229, 236, 237.
Application of state law to age discrimination in employment. 96
ALR3d 195.
Mandatory retirement of public officer of employees based on age.
81 ALR3d 811.

[3] Am Jur 2d, Civil Rights § 442.
Offsetting unemployment benefits received against award for back-
pay in employment discrimination actions. 66 ALR Fed 80.

[4] Am Jur 2d, Civil Rights §§ 446-448.
Apportionment among defendants of monetary awards to plaintiffs
in suit under Title VII of the Civil Rights Act of 1964 (42 USCS
§§ 2000e et seq.). 58 ALR Fed 363.

to the Court of Appeals for consideration of the remaining issues. 419 Mich 905 (1984). Pursuant to that order, the Court of Appeals ordered the parties to limit their agruments on remand to the issues related to damages. On remand, *held:*

1. The plaintiffs failed to show that they were entitled to mental distress damages. The trial court properly denied the recovery of mental distress damages to plaintiffs.

2. The trial court correctly recognized that the plaintiffs had a claim to future damages. The trial court did not err in instructing the jury that future damages could not be assessed after July 1, 1980, since there was no evidence that the plant would have remained open past that date.

3. The trial court did not err in ordering the defendant to reinstate the plaintiffs to its pension system.

4. The trial court erred in instructing the jury to deduct the amount of unemployment compensation benefits that the plaintiffs received from the ultimate award. On remand, the trial court shall determine the amount that the jury deducted pursuant to this instruction and add that amount to the award.

5. The trial court erred in reducing the awards received by three plaintiffs by an amount equal to workers' compensation awards the plaintiffs received for disabling back injuries which were incurred before the plant was closed down for discriminatory reasons. Since the workers' compensation act does not cover damages caused by discrimination, the trial court erred by instructing the jury to deduct the amount received in workers' compensation benefits from the awards to these three plaintiffs. The trial court also erred in making such deductions from the jury's award since the jury had already been instructed to make this deduction. The jury may have failed to deduct these benefits by finding that defendant had not met its burden to show that it mitigated its damages. The trial court erred in making this deduction since there was a proper basis for the jury's award. Since the record shows that the jury did not deduct these benefits, the jury's verdict as to these damages is reinstated.

6. The trial court erred in awarding plaintiffs attorney fees. The action was brought pursuant to the Michigan Fair Employment Practices Act which, unlike the Elliott-Larsen Civil Rights Act, does not provide for such an award. The grant of such an award is reversed.

Reversed in part, affirmed in part and remanded for proceedings consistent with the opinion.

1. Civil Rights — Future Damages — Age Discrimination — Fair Employment Practices Act.

Future damages may be awarded to a plaintiff-employee in an

action where age discrimination under the Fair Employment Practices Act has been proven in regard to the closing of a defendant-employer's plant; the assessment of such damages may be limited to the latest date on which the evidence shows that the plant would have been legally closed (MCL 423.301 *et seq.;* MSA 17.458[1] *et seq.*).

2. CIVIL RIGHTS — DAMAGES — AGE DISCRIMINATION — FAIR EMPLOYMENT PRACTICES ACT — PENSIONS.

A proper remedy for the loss of an employee's pension rights following the closing of an employer's plant in violation of the age discrimination prohibition of the Fair Employment Practices Act is to order the employer to pay into a pension plan so as to vest the employee in the plan (MCL 423.301 *et seq.;* MSA 17.458[1] *et seq.*).

3. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — BACK PAY AWARDS — UNEMPLOYMENT COMPENSATION BENEFITS — WORKERS' COMPENSATION BENEFITS.

Unemployment compensation benefits and workers' compensation benefits should not be deducted from back pay awards in employment discrimination cases.

4. CIVIL RIGHTS — FAIR EMPLOYMENT PRACTICES ACT — ATTORNEY FEES.

The Fair Employment Practices Act does not provide for an award of attorney fees to a prevailing complainant (MCL 423.301 *et seq.;* MSA 17.458[1] *et seq.*).

*Miller, Cohen, Martens & Sugerman, P.C.* (by *William L. Martens* and *Renate Klass*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *John Corbett O'Meara, Henry W. Saad* and *Joseph C. Marshall, III*), for defendant on appeal.

ON REMAND

Before: T. M. BURNS, P.J., and ALLEN and WAHLS, JJ.

PER CURIAM. Defendant closed its automobile

parts casting plant at Grand Rapids and transferred its business to another plant in Toledo. Plaintiffs, former workers at the Grand Rapids plant, then brought this action alleging age discrimination under the Fair Employment Practices Act (FEPA), MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.,* since re-enacted in the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.*

In the first phase of a bifurcated trial, defendant was found liable for violation of the age discrimination prohibition. In the second phase, the jury assessed damages which the court reduced to $1,442,207.09 by deducting the amount of workers' compensation benefits plaintiffs received. The court also ordered defendant to reinstate plaintiffs to its pension system and awarded plaintiffs $600,-000 in attorney fees. Defendant appealed from the finding of liability and the award of attorney fees, and plaintiffs cross-appealed as to damages. This Court reversed the jury's finding of liability. *Adama v Doehler-Jarvis, Division of N L Industries, Inc,* 115 Mich App 82; 320 NW2d 298 (1982). Plaintiffs sought leave to appeal to the Supreme Court, which in lieu of granting leave to appeal reversed our judgment and remanded this case back to the Court of Appeals so that we could consider the remaining issues. 419 Mich 905; 353 NW2d 438 (1984). Pursuant to the Supreme Court's order, we ordered the parties to limit their arguments on remand to the issues related to damages.[1]

We first consider whether the trial court erred by not allowing plaintiffs to recover damages for

---

[1] Defendant maintains that our original opinion did not resolve all the issues relating to liability. While we did not respond to every innuendo raised in defendant's brief, we fully discussed the five major issues regarding liability.

mental distress. Plaintiffs' claim was brought under the Fair Employment Practices Act which did not specifically provide for mental distress damages. The Elliott-Larsen Civil Rights Act also does not specifically provide for mental distress damages. MCL 37.2801; MSA 3.548(801). Courts, however, have uniformly recognized that compensatory damages for emotional distress may be recovered under the Elliott-Larsen Civil Rights Act. *Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983); *Ledsinger v Burmeister,* 114 Mich App 12; 318 NW2d 558 (1982); *Moll v Parkside Livonia Credit Union,* 525 F Supp 786 (ED Mich, 1981); *Freeman v Kelvinator, Inc,* 469 F Supp 999 (ED Mich, 1979). The issue of whether damages for mental distress are recoverable under a FEPA claim, however, has not been addressed by Michigan appellate courts.

Recently, the Michigan Supreme Court considered a related issue in *Boscaglia v Michigan Bell Telephone Co,* 420 Mich 308; 362 NW2d 642 (1984). In that case, the Supreme Court held that a claim under FEPA seeking mental distress damages was not barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). The Supreme Court specifically noted that its decision did not consider whether mental distress damages were recoverable under FEPA:

"The question whether physical, mental and emotional injuries are compensable under the FEPA or the civil rights act has not been briefed or argued, and hence we intimate no opinion in that regard. We think it self-evident, however, assuming the Legislature in enacting the civil rights acts intended to provide compensation for physical, mental or emotional injury resulting from discrimination, that it did not intend that objective would be defeated by the bar of the exclusive

remedy provision of the workers' compensation act. Whatever may have been the intention of the Legislature in enacting the exclusive remedy provision of the workers' compensation act, if it intended in enacting civil rights legislation that workers discharged in violation of such legislation could recover for resulting physical, mental or emotional injury that intention would necessarily supersede or modify the scope of other legislation that otherwise would defeat the intent to permit such recovery." 420 Mich 316-317. (Footnote omitted.)

Plaintiffs claim that this Court, in *Pacheco v Clifton,* 109 Mich App 563, 576; 311 NW2d 801 (1981), which was affirmed in *Boscaglia, supra,* held that prevailing plaintiffs in FEPA discrimination cases were entitled to compensatory damages for mental suffering including humiliation and embarrassment. This Court's decision in *Pacheco,* like that in *Boscaglia,* limited its consideration to whether the exclusivity provision of the workers' compensation act would bar a claim for mental distress under FEPA.

While the Supreme Court in *Boscaglia* did not decide this issue, it considered the language of the statute and cases from other jurisdictions which considered similar statutes.

"The FEPA provides:
" 'If * * * the [fair employment practices] commission shall determine that the respondent has engaged in or is engaging in any unfair employment practice, the commission shall * * * cause to be served on such respondent an order requiring such respondent to cease and desist from such unfair employment practice and to take such further affirmative or other action as will effectuate the purposes of this act * * *.' MCL 423.307(h); MSA 17.458(7)(h).
"Although this Court has not decisionally addressed the question, courts in other jurisdictions are divided over whether, under similar statutory language, an adminis-

trative agency may award damages for physical, mental, or emotional injuries suffered as a result of employment discrimination. Compare *Kansas Comm on Civil Rights v Service Envelope Co, Inc,* 233 Kan 20; 660 P2d 549 (1983), *Bournewood Hospital, Inc v Massachusetts Comm Against Discrimination,* 371 Mass 303; 358 NE2d 235 (1976), *Castellano v Linden Bd of Ed,* 79 NJ 407; 400 A2d 1182 (1979), *School Dist No 1 v Nilsen,* 271 Or 461; 534 P2d 1135 (1975), with *Gutwein v Easton Publishing Co,* 272 Md 563; 325 A2d 740 (1974), *E D Swett, Inc v New Hampshire Comm for Human Rights,* 470 A2d 921 (NH, 1983), *School Dist of Twp of Millcreek v Commonwealth Human Relations Comm,* 28 Pa Commw 255; 368 A2d 901 (1977), *vacated on other grounds* 474 Pa 146; 377 A2d 156 (1977), *Murphy v Industrial Comm,* 37 Wis 2d 704; 155 NW2d 545 (1968), *on reh* 37 Wis 2d 712; 157 NW2d 568 (1968)." 420 Mich 318, fn 13.

None of these cases hold that mental distress damages can be awarded in every discrimination case. The cases which interpret the statute as allowing for mental distress damages require some special showing of humiliation or embarrassment as a result of the discrimination. In *Kansas Comm on Civil Rights v Service Envelope Co, Inc,* 233 Kan 20; 660 P2d 549 (1983), the court did not consider the propriety of an award for mental distress damages in a discrimination case since the award was not appealed. The court only considered a successor corporation's liability for the award. In *Bournewood Hospital, Inc v Massachusetts Comm Against Discrimination,* 371 Mass 303; 358 NE2d 235 (1976), the court held that an award for mental distress damages in a sex discrimination case was proper because of the egregious nature of the discrimination. The court noted that this was not a simple case of sex discrimination since the defendant took retaliatory action after plaintiff asserted her lawful rights. In *Castellano v Linden Bd of Ed,*

79 NJ 407; 400 A2d 1182 (1979), the court reversed a $600 award for mental distress damages in a sex discrimination case finding that the defendant acted in good faith and that the plaintiff showed no basis for any feelings of humiliation. In *School Dist No 1 v Nilsen,* 271 Or 461; 534 P2d 1135 (1975), the court found that mental distress damages should not have been awarded in a sex discrimination case because no one reviled the plaintiff, accused her of moral impropriety, or ridiculed or embarrassed her. The court noted that a certain amount of anxiety and stress is created by most litigation. The remaining cases related to this issue, cited by the Supreme Court in *Boscaglia,* deny any monetary damages or limit monetary damages to awards of back pay.

These cases accurately summarize how other jurisdictions have interpreted statutes similar to our former FEPA. See Anno, 85 ALR3d 351. Under either line of authority, the plaintiffs in the instant case have failed to show that they are entitled to mental distress damages. Plaintiffs would have been eventually terminated from their jobs for nondiscriminatory reasons. Defendant also negotiated with plaintiffs regarding the plant's closing. In light of these factors, we feel that the trial court properly denied plaintiffs the recovery of mental distress damages. We note that our analysis is based on cases interpreting statutes similar to our former FEPA and, therefore, it should not apply to actions brought under the Elliott-Larsen Civil Rights Act.

We next consider whether the trial court erred when it told the jury that damages may be assessed until July 1, 1980, or until an early date when the Grand Rapids plant would have legally closed. The trial court correctly recognized that the plaintiffs had a claim to future damages. *Goins*

*v Ford Motor Co,* 131 Mich App 185, 199; 347 NW2d 184 (1983); *Bruno v Detroit Institute of Technology,* 51 Mich App 593; 215 NW2d 745 (1974). The trial court, however, instructed the jury that they could not assess future damages after July 1, 1980, since that was the latest date which the evidence indicated that the plant would have shut down. We feel that the trial court correctly limited the jury's consideration in this matter since there was no evidence presented that the plant could have remained open past July 1, 1980. Accordingly, the lower court properly precluded plaintiffs from presenting proof that they would have retired after July 1, 1980, since the undisputed evidence showed that they would not have had that choice. The evidence showed that automobile manufacturers substituted the zinc alloys produced by the Grand Rapids plant with plastic parts. In light of the fact that the Grand Rapids plant no longer had a market for its product, the trial court did not err in instructing that future damages could not be assessed after July 1, 1980.

We next consider whether the trial court created a proper remedy for plaintiffs' claim for lost pensions. The trial court ordered defendant to reinstate plaintiffs to its pension system. Plaintiffs now argue that the trial court should have allowed the plaintiffs to seek to recover a lump sum damage award and submit this issue to the jury. We see no error in the trial court's remedy. Plaintiffs, in their complaint, sought lost pension benefits and requested the court to issue an order for further relief as may be reasonably deemed just and proper. We feel that this was a sufficiently broad request to allow the trial court to fashion equitable remedy. Ordering an employer to pay into a pension plan so as to vest the employee in the

plan is a proper remedy for the loss of the employee's pension rights. *Gibson v Mohawk Rubber Co,* 695 F2d 1093 (CA 8, 1982). Plaintiffs argue that the trial court had no jurisdiction over the pension plan. The trial court, however, had jurisdiction over defendant and, therefore, could properly order defendant to make contributions so as to vest plaintiffs' pensions.[2]

We next consider whether the trial court erred by instructing the jury to deduct unemployment compensation benefits from any damages awarded for lost wages. We feel that *Pennington v Whiting Tubular Products, Inc,* 370 Mich 590; 122 NW2d 692 (1963), is dispositive on this issue. In *Pennington,* the Supreme Court held that unemployment compensation benefits should not be deducted from a back pay award for a breach of a collective bargaining agreement. We feel that the same rule should apply to back pay awards in employment discrimination cases. Plaintiffs also argue that the Michigan Employment Security Commission may seek restitution when the plaintiffs collect their back pay awards. MCL 421.62; MSA 17.566. While it is unclear whether the Michigan Employment Security Commission has preserved its right to seek restitution, we feel that this factor further supports the Supreme Court's holding in *Pennington.* Therefore, we find that the trial court erred in instructing the jury to deduct the amount of unemployment compensation benefits plaintiffs received from the ultimate award.

---

[2] Defendant also raises an argument, claiming that the trial court erred by ordering defendant to pay into the plan until July 1, 1980. Defendant argues that the jury verdict conclusively established that the plant would remain open only through 1978. We decline defendant's invitation to draw inferences from a reverse calculation of the jury's general verdict award. Defendant failed to request a special verdict on the factual issue in accord with GCR 1963, 514. Rather, defendant specifically requested the trial court to fashion relief in regard to the pension dispute. Under these circumstances, defendant waived any right to have the jury decide the factual issue.

We next consider whether the trial court erred in reducing the awards received by three plaintiffs by an amount equal to workers' compensation awards the plaintiffs received. Three plaintiffs received workers' compensation benefits for disabling back injuries which were incurred before the plant was closed down for discriminatory reasons. The trial court ordered the jury to deduct the workers' compensation benefits these plaintiffs received from their respective awards. When the jury returned with its verdict, the trial court determined that it had failed to deduct the workers' compensation benefits. The trial court then deducted the benefits from the jury's award. These plaintiffs' back-related work injuries are totally unrelated to the injuries they suffered as a result of defendant's discrimination. While the plaintiffs' back injuries reduced their earning capacity, they still retained the ability to do light work. Therefore, they still suffered damages when the defendant closed its plant for discriminatory reasons. The effect of the trial court's ruling deprives these three plaintiffs of their proper damages. Since the workers' compensation act does not cover damages caused by discrimination, *Boscaglia, supra,* the trial court erred by instructing the jury to deduct the amount received in workers' compensation benefits from the awards to these three plaintiffs. We also feel that the trial court erred by deducting the amount of the workers' compensation awards from the jury's award since the jury had already been instructed to make this deduction. The jury may have failed to deduct these benefits by finding that defendant had not met its burden to show that it mitigated its damages. The trial court erred in making this deduction since there was a proper basis for the jury's award.

We finally consider whether the trial court erred

in granting plaintiffs attorney fees. Plaintiffs acknowledge that their claim was brought under the Fair Employment Practices Act, but argue that they are entitled to attorney fees under the Elliott-Larsen Civil Rights Act. The trial court awarded plaintiffs $600,000 in attorney fees. We feel that the trial court erred. In *Dep't of Civil Rights ex rel Starrla K Cornell v Edward A Sparrow Hospital Ass'n,* 119 Mich App 387; 326 NW2d 519 (1982), *lv gtd* 419 Mich 870 and 419 Mich 904 (1984), this Court stated:

"In general, a party must bear the burden of his or her own attorney fees 'unless allowance of a fee is expressly authorized by statute or court rule'. *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973). Cornell argues that she is entitled to reasonable attorney fees in accordance with § 802 of the Elliott-Larsen Civil Rights Act, MCL 37.2802; MSA 3.548(802). That statute provides:

" 'A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate.'

"Cornell's case was not 'an action brought pursuant to' the Elliott-Larsen Civil Rights Act. That act was not in effect at the time that Cornell was wrongfully discharged by respondent nor was it in effect at the time that Cornell filed her complaint with the Civil Rights Commission. The statute under which Cornell initiated this suit was the Michigan State Fair Employment Practices Act, MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.* The Michigan State Fair Employment Practices Act does not provide for an award of attorney fees to a prevailing complainant. Therefore, because there is no statutory or court rule authority authorizing an award of attorney fees in this case, the trial court correctly declined to award them." 119 Mich App 392-393.

Likewise, plaintiffs' case was not an action

brought pursuant to the Elliott-Larsen Civil Rights Act. Therefore, the trial court erred in granting plaintiffs attorney fees pursuant to MCL 37.2802; MSA 3.548(802).

We reverse the trial court's decision to deduct the amount of workers' compensation benefits received by three plaintiffs from the jury's award. Since we have determined that the award should not be reduced by these benefits, and the record shows that the jury did not deduct these benefits, we reinstate the jury's verdict. The trial court also erred by instructing the jury to deduct the amount of unemployment compensation benefits received by the plaintiffs from the award. On remand, the court shall determine the amount that the jury deducted pursuant to this instruction and add that amount of the award. We also reverse the award of attorney fees to plaintiffs. In all other respects, the trial court is affirmed.

Reversed in part, affirmed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.