Rosa M. **FIGUEROA** De **ARROYO, Iris Torres De Hernandez, Andrea Colon Tubens, Iris Trabal Quintana, Jose A. Franqui, Luz Arminda Toro Tirado, Benjamin Torres Rivera, Carmen E. De La Rosa De Ortiz, Elsie Torres Ramos, Alfredo Moreu Irizarry and Elsie Lugo Bernier, Plaintiffs,**

v.

**SINDICATO DE TRABAJADORES PACKINGHOUSE, AFL–CIO, Distrito De Puerto Rico, Puerto Rico Telephone Company and Union De Empleados De La Industria Del Telefono De Puerto Rico, Local 963, Defendants.**

**Civ. No. 511–65.**

United States District Court
D. Puerto Rico.

Aug. 8, 1969.

Antonio J. Amadeo Murga, of Amadeo & Benet, Santurce, P. R., for plaintiffs.

Irving M. King, Eugene Cotton and Richard F. Watt, of Cotton, Watt, Jones & King, Chicago, Ill., and Luis G. Estades, San Juan, P. R., for co-defendants Sindicato de Trabajadores Packinghouse, AFL–CIO, Distrito de Puerto Rico, and Union de Empleados de la Industria del Telefono de Puerto Rico, Local 963.

Fernando Ruiz-Suria and Antonio M. Bird, Jr., of McConnell, Valdes, Kelley & Sifre, San Juan, P. R., and Matthew E. Murray, of Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for co-defendant Puerto Rico Tel. Co.

## RULING ON POST-TRIAL MOTIONS AND MEMORANDUM

HENRY N. GRAVEN, Senior District Judge (By Assignment).

In this action, following jury trials, all of the parties made post-trial motions. The background for those motions will be next set forth. The plaintiffs in this action were all formerly in the employ of the defendant Puerto Rico Telephone Company at Mayaguez. The plaintiffs in this action assert claims against all of the defendants growing out of the alleged wrongful termination of their employment by the defendant Puerto Rico Telephone Company. That defendant was a party to a collective bargaining agreement with the defendant Unions. The two Unions were and are treated as one under that agreement. The defendant Union first named was the over-all Union organization for the Commonwealth of Puerto Rico. The other defendant Union was the local Union for the defendant Puerto Rico Telephone Company. Those defendants will be referred to as the defendant Union or the defendant Unions.

The action was designated by the plaintiffs as a jury case. The action was dismissed without prejudice as to the plaintiffs Iris Torres de Hernandez and Benjamin Torres Rivera for lack of jurisdiction. At the close of the evidence a verdict was directed in favor of the defendants as to the claims of the plaintiffs Jose A. Franqui and Alfredo Moreu Irizarry. Jury trials were had as to the claims of the remaining seven plaintiffs. Those plaintiffs were switchboard telephone operators in the Traffic Department of the defendant Telephone Company. In accord with jury verdicts, judgments for substantial amounts were rendered in favor of each of those plaintiffs. In the case of six of those plaintiffs, judgments were rendered against all of the defendants. In the case of the seventh of those plaintiffs, i. e., Elsie Lugo Bernier, judgment was rendered in her favor only as against the defendant Telephone Company. The claims of those seven plaintiffs are the subject matter of this Memorandum. Hereafter when reference is made to the plaintiffs reference will be to those plaintiffs.

There was a separation as to the trial of the issues. One jury rendered special verdicts as to certain of the issues and another jury rendered special verdicts as to the remaining issues. The seven plaintiffs and the dates of the commencement of their employment and the termination of their employment by the defendant Telephone Company are next set forth:

| Name | Started Working | Was Separated |
|---|---|---|
| Rosa M. Figueroa de Arroyo | May 26, 1960 | April 3, 1964 |
| Andrea Colon Tubens | May 20, 1953 | April 3, 1964 |
| Iris Trabal Quintana | May 15, 1961 | April 3, 1964 |
| Luz Arminda Toro | April 21, 1950 | April 8, 1964 |
| Carmen E. de la Rosa de Ortiz | August 16, 1956 | April 3, 1964 |
| Elsie Torres Ramos | March 27, 1961 | April 3, 1964 |
| Elsie Lugo Bernier | June 12, 1961 | September 19, 1963 |

It appears that the number of employees in the Traffic Department was reduced because of the introduction of automatic switching.

At the times here material, there was in effect between the defendant Telephone Company and the two defendant Unions a collective bargaining agreement. Article XX of the collective bargaining agreement was as follows:

#### "SENIORITY

"Seniority shall be the full term of service credited to an employe working for the Company as reflected by the Company's records.

"The Company shall take into consideration all the employe's qualifications in the case of promotions and lay-offs in jobs covered by this Agreement.

"Seniority shall prevail if the qualifications of all the employes to be considered are equal, but shall not be used against any employe that because of his ability, competence, efficiency and better service record proves to be more useful than some other that has merely been employed for a longer period of time."

Section 5 of Article XV of the collective bargaining agreement was as follows:

"*Section 5—Suspended or Laid-off Employes*

"a) If an employe regards his suspension or laying-off as unjust, he shall submit his grievance to the Union.

"b) In case the Union also regards the employe's suspension or laying-off

as unjust, the Union shall submit a grievance in writing, within the three (3) days following the employe's suspension or notice of laying off, to the Company's Director of Industrial Relations.

"c) The Company shall have the right to summon the Grievance Committee to a special meeting to settle the grievance.

"d) Once the period of three (3) days from the employe's suspension or notice of laying-off shall have elapsed, the Union shall have no right to file a grievance on said suspension or notice of laying-off and the case shall be regarded as closed.

"e) Any employe that has been suspended or laid-off shall, if his suspension or laying-off is found to be unjustified in the Grievance Committee's judgment, be restored to his old job without detriment to his seniority rights, and the Company shall be required to pay him any money he may have failed to earn during his suspension or laying-off."

It is the claim of the plaintiffs that their employment was terminated by the defendant Telephone Company in violation of the seniority provision of the collective bargaining agreement. It is the claim of the plaintiffs that the defendant Unions wrongfully failed to submit their grievances for such violation to the defendant Telephone Company in accord with the provision of the collective bargaining agreement.

During the times here material, Armando Sanchez Martinez was president of the defendant Sindicato de Trabajadores Packinghouse, AFL–CIO, Distrito de Puerto Rico, which, as heretofore noted, was the over-all Union organization for the Commonwealth of Puerto Rico.

On September 13, 1963, the defendant Telephone Company was notified in writing by the defendant Union as to its representatives under the collective bargaining agreement. Included among those so designated was Carmen Acevedo. Following her name appeared the word "Traffic". Miss Acevedo was employed in the Traffic Department along with the plaintiffs. There were around 30 employees in the Traffic Department. Promptly upon receiving notice of the termination of their employment, the plaintiffs notified Carmen Acevedo that they deemed themselves aggrieved by the termination of their employment. Mr. Sanchez early learned that the plaintiffs were claiming that they had been aggrieved by the termination of their employment.

█ The first of the issues between the parties was as to whether the defendant Telephone Company violated the seniority provision of the collective bargaining agreement. In that connection the jury was instructed as follows:

"INSTRUCTION NO. 4

"The provisions of Article XX of the collective bargaining agreement have been heretofore set forth.

"That Article does not in any way limit the right of the Company to lay off an employee no longer needed. It had the absolute right to so do. Thus, the right of the Company to reduce the number of employees in its Traffic Department is not involved. What is involved is the selection of employees to be laid off. Under Article XX seniority is only one of the factors to be considered by the Company in selecting the employees to be separated and those to be retained. Seniority is determinative only where the factors of ability, competence, efficiency, service, and usefulness to the Company are equal.

"Each plaintiff asserts that at the time she was laid off the Company retained in its Traffic Department employees with lesser seniority than she had. Each plaintiff further asserts that she had qualifications equal to those of the employees retained as to ability, competence, efficiency,

service, and usefulness to the Company.

"The burden is upon each plaintiff to establish by a preponderance of the evidence that her qualifications in the matters referred to were equal to those who were retained. If she has so established, your answer to Question No. 1 in the special verdict relating to her should be 'yes'. If she has not so established, then your answer to Question No. 1 as to her should be 'no'."

The jury returned special verdicts finding that in the case of each plaintiff the defendant Telephone Company had violated the seniority provision of the collective bargaining agreement. That jury, in addition to finding that the defendant Telephone Company had violated the seniority provision of the collective bargaining agreement as to each of the plaintiffs, also found that the plaintiffs had submitted their grievances to the Union in accord with the provision of the collective bargaining agreement.

Thereafter, there was submitted to another jury the issue as to the defendant Union's conduct in connection with the plaintiffs' grievances and the matter of damages. That jury was instructed, in part, as follows:

"Subsection (b) of Section 5 of Article XV of the collective bargaining agreement provides that if the Union regards an employee's 'suspension or laying-off as unjust' it shall submit the grievance to the Company in accord with that subsection.

"Under the provisions of that subsection, the Union is not required to submit to the Company all grievances of its members relating to layoffs. It is only required to submit such of those grievances which it regards as just grievances. That subsection provides for the exercise of judgment on the part of the Union as to what grievances it will submit to the Company. The requirement of that subsection is that the Union exercise its judgment as to the submission of such grievance nonarbitrarily, nondiscriminatorily and in good faith. If it does so exercise its

judgment, it would not have acted wrongfully even though it made a mistake in judgment and an erroneous decision in not submitting to the Company a grievance which in fact was a just grievance.

"In order for the Union to have acted wrongfully in not submitting a grievance to the Company in accord with subsection (b) of Section 5 of Article XV of the collective bargaining agreement, it must have acted either arbitrarily or discriminatorily or in bad faith. The burden is upon each plaintiff to establish by a preponderance of the evidence that the Union did so act.

"*  *  *

"To act 'arbitrarily' means to act perfunctorily and without heed or regard as to the merits of a particular matter. It also means not governed by principle but acting according to preference, notion, whim or caprice.

"To act 'discriminatorily' means to act unfairly as to one person as compared to others similarly situated.

"To act 'in bad faith' is to act with improper intent, motive and purpose."

Except in the case of the plaintiff Elsie Lugo Bernier, it is undisputed that the defendant Unions did not submit the grievances of the plaintiffs that their employment was terminated in violation of the collective bargaining agreement. In her case the defendant Unions submitted her grievance but it became bogged down in arbitration proceedings.

That jury found that as to each of the plaintiffs, except the plaintiff Elsie Lugo Bernier, the defendant Union had either arbitrarily or discriminatorily or in bad faith failed to submit her grievance to the defendant Telephone Company in the manner and form specified in subsection (b) of Section 5 of Article XV of the collective bargaining agreement. It was just noted that the defendant Union had submitted the grievance of the plaintiff Elsie Lugo Bernier, but through no fault of the defendant Union redress of her grievance was not secured.

Each of the plaintiffs claimed as damages her loss of earnings, the same being the difference between what she would have earned between the time of the termination of her employment and what she did earn up to the time of trial. The jury returned verdicts determining the amount of such loss in the case of each plaintiff.

The defendant Telephone Company asserts that the evidence was not sufficient to sustain the special verdicts of the jury finding that it had violated the seniority provision of the collective bargaining agreement.

The Court is of the view that the evidence is sufficient to support those verdicts.

■ The defendant Union asserts that the evidence is not sufficient to support the special verdicts of the jury that the plaintiffs, except the plaintiff Elsie Lugo Bernier, did submit their grievances to the Union as provided in the collective bargaining agreement. It was heretofore noted that the jury found that the defendant Telephone Company had violated the seniority provision of the collective bargaining agreement as to each of the plaintiffs. It is the claim of the defendant Union that evidence is lacking that the plaintiffs made known to the defendant Union that it was their claim that their employment had been terminated in violation of that agreement. Each of the plaintiffs notified Miss Acevedo, the defendant Union's designated representative, as to her dissatisfaction with the termination of her employment. Miss Acevedo, as heretofore noted, was an employee in the same department as the plaintiffs. That department was not a very large department, and Miss Acevedo would undoubtedly have had personal acquaintance with all of the members of that department and their periods of service. She undoubtedly would have known that switchboard operators were being retained who were junior in service to the plaintiffs. All of the plaintiffs and all those with lesser seniority retained by the defendant Telephone Company were members of the Union. They all had the same ethnic background. The only possible ground of complaint of the plaintiffs would have to be based upon the violation of the seniority provision, and it would seem improbable that Miss Acevedo did not understand that the plaintiffs were complaining that their employment was being terminated in violation of the seniority provision of the collective bargaining agreement.

It is the view and holding of the Court that the claim of the defendant Union as to the insufficiency of the evidence is not well founded.

■ In connection with the matter of damages, the jury was instructed as follows:

"INSTRUCTION NO. 8

"You will make a determination as to the loss of earnings of each plaintiff from the time of her layoff up to February 29, 1968.

"That loss in the case of a particular plaintiff would be the difference between what she has earned since her layoff up to February 29, 1968, and what she would have earned during that period had she been continued in the employment of the Company. Amounts paid by an employer for medical benefit protection for and in behalf of an employee are to be included in the earnings of such employee. Amounts received by an employee during maternity leave are includable in her earnings. You need not give consideration to the matter of unemployment compensation, vacation allowance or sick leave.

"It was the duty of each plaintiff after her layoff to use reasonable diligence and reasonable means to secure employment she could reasonably be expected to perform in order to diminish her loss of earnings occasioned by her layoff. Any loss of earnings attributable to her failure to so do should not be included by you in fixing the amount of her loss of earnings.

"The burden is upon each plaintiff to establish by a preponderance of the

evidence the proper amount of her loss of earnings."

The jury was further instructed as follows in connection with the matter of damages:

## "INSTRUCTION NO. 10

"If you find that the Union acted arbitrarily, discriminatorily or in bad faith in connection with the grievance of any plaintiff, you will give consideration to the matter of the responsibility, if any, of the Union for a proportionate share of her damages.

"The layoff of the plaintiffs was the action and the responsibility of the Company. It was not the action of the Union and it did not have nor does not have any responsibility for such layoff. The responsibility of the Union did not commence until after that action by the Company. It was the Union's responsibility to deal with the grievance of each plaintiff as to her being laid off in violation of the seniority provision of the collective bargaining agreement nonarbitrarily, nondiscriminatorily and in good faith.

"The proportion of the total loss of earnings sustained by each plaintiff because the Union acted arbitrarily, discriminatorily or in bad faith in connection with her grievance would be that proportion which would represent the increase of her loss of earnings because of such conduct.

"You will determine on a percentage basis what proportion of the loss of earnings of each plaintiff would properly be attributable to the Union's wrongful conduct. You are instructed that the percentage could vary in each case."

The jury, after determining the entire loss of earnings of each plaintiff due to the termination of her employment, determined that in the case of six of the plaintiffs the defendant Unions were liable for 40 percent thereof. In the case of the plaintiff Elsie Lugo Bernier, the jury determined that the defendant Telephone Company was liable for 100 percent thereof.

Jurisdiction in this case is based upon the provisions of the Labor Management Relations Act of 1947, 29 U.S.C.A. Sec. 141 et seq. It is the claim of the defendants that they are not liable to the plaintiffs under the applicable law.

In the present case the plaintiffs assert liability against the defendant Telephone Company based upon the violation of the seniority provision of the collective bargaining agreement between the defendant Union of which they were members and the defendant Telephone Company. The leading case on the right of a member of a union to maintain an action against his or her employer and the union of which he or she is a member, based upon a collective bargaining agreement between his or her employer and his or her union, is the case Vaca v. Sipes (1967), 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842. In that case the situation was that a member of a union had been discharged by his employer, Swift & Company. The member claimed that his discharge was in violation of the collective bargaining agreement between his employer and his union. He sought to recover damages from his union for allegedly having "arbitrarily, capriciously and without just or reasonable reason or cause" refused to take his grievance with Swift & Company to arbitration under the fifth step of the bargaining agreement's grievance procedures. An action in state court was instituted. Upon review of that proceeding, the United States Supreme Court stated some of the rules applicable in actions similar to the present action. In that case the Court held that before a discharged employee may proceed to the courts for relief he must establish that he has exhausted the grievance procedures provided in the collective bargaining agreement so far as he is able to do. In that case the Court stated that where the discharge is wrongful it is the employer that has committed a breach of the collective bargaining agreement and that the only responsibility of the union is in connection with the handling of the employee's grievance in connection with the alleged wrongful

discharge. In that case the Court stated 386 U.S. p. 187, 87 S.Ct. p. 915:

"If a breach of duty by the union and a breach of contract by the employer are proven, the court must fashion an appropriate remedy. Presumably, in at least some cases, the *union's breach of duty will have enhanced or contributed to the employee's injury.* What possible sense could there be in a rule which would permit a court that has litigated the fault of employer and union to fashion a remedy only with respect to the employer? Under such a rule, either the employer would be compelled by the court to pay for the union's wrong—slight deterrence, indeed, to future union misconduct—or the injured employee would be forced to go to two tribunals to repair a *single* injury. * * *" (emphasis supplied)

In the present case it was the jury determination that the defendant Telephone Company discharged each of the plaintiffs in violation of the seniority provision in the collective bargaining agreement. It was also the jury determination, except in the case of the plaintiff Elsie Lugo Bernier, that the defendant Union was at fault in failing to submit her grievance for such wrongful discharge with the defendant Telephone Company as provided for and required by the collective bargaining agreement. In the case of each of the plaintiffs, except in the case of Elsie Lugo Bernier, it was the jury determination that the damages from the original injury were thereby enhanced 40 percent. In the case of the plaintiff Elsie Lugo Bernier, it was the jury determination that the defendant Union had exhausted in her behalf the grievance procedures provided for and required by the collective bargaining agreement and that all of her damages were properly chargeable to the defendant Telephone Company.

It is the ruling of the Court that the judgments rendered in this case against the defendants were in accord with the law as established by Vaca v. Sipes, *supra.*

It is the claim of the defendants that the claims of the plaintiffs are barred by the statute of limitations. The case of International Union, United Auto etc. v. Hoosier Cardinal Corporation (1966), 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192, is of importance as to the matter of the statute of limitations. In that case the plaintiff union and the defendant, Hoosier Cardinal Corporation, were parties to a collective bargaining agreement. The location of the employment was in Indiana. The employer discharged a number of employees. The union claimed that the discharged employees were entitled to accumulated vacation pay which had not been paid them. Four years later the union brought an action in behalf of the discharged employees for such pay. The employer asserted that the claims asserted were barred by the statute of limitations. The United States Supreme Court held that there was no federal statute of limitations applicable to actions based upon a collective bargaining agreement. That Court further held that the appropriate state statute of limitations was applicable. In the present case the applicable statute of limitations is that of the Commonwealth of Puerto Rico. In the case of Auto Workers v. Hoosier Cardinal Corporation, *supra*, the District Court regarded the action as based partially upon the written collective bargaining agreement and partially upon the oral employment contract each employee had made. It held that Indiana would apply to such an action its six-year statute governing contracts not in writing. The Supreme Court accepted that interpretation.

It was heretofore noted that the employment of five of the plaintiffs was terminated on April 3, 1964; that the employment of one plaintiff was terminated on April 8, 1964; and that the employment of another plaintiff was terminated on September 19, 1963. The complaint in the present action was filed on November 22, 1965. It is the claim of the defendant Unions that the claims of the plaintiffs are barred by the one-year

statute of limitations fixed for actions based on fault or negligence by Article 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. Section 5298. The defendant Telephone Company makes the same claim. It is also the claim of the defendant Telephone Company that the claims of the plaintiffs are barred by the provision of Section 160(b), Title 29 U.S.C.A., which requires that complaints as to unfair labor practices be made within six months after their occurrence.

It would seem that the clear interpretation of the holding in the case of Auto Workers v. Hoosier Cardinal Corporation, *supra*, is that it is the local statute of limitations rather than the provision of Section 160(b), Title 29 U.S.C.A., which governs the time for the bringing of court actions for breach of a collective bargaining agreement. It seems clear that if the present action is to be characterized as an action for breach of contract, it would not fall within the scope of Article 1868 of the Civil Code of Puerto Rico relied on by the defendants.

It is the view of the Court that the basic character of the claim of each of the plaintiffs is that of an action based upon the breach of contract, that breach being a breach of the seniority provision of the collective bargaining agreement. Each plaintiff seeks to recover her loss of wages based upon that breach. Each seeks to recover from the defendant Unions the enhancement of her loss by them. The defendant Unions, in substance, claim that the claim of each plaintiff consists of two causes of action, one against the defendant Telephone Company and another against the defendant Unions.

The opinion in the case of Vaca v. Sipes, *supra*, refers to the action of the employee against his employer and his union as being an action for a "single injury" (386 U.S. 187, 87 S.Ct. 903). In that same case the Court points out (386 U.S. p. 187, 87 S.Ct. 903) that it is the employer who breached the contract and that the union's responsibility has to do with the enhancement of the damages sustained by the employee.

In the case Fischer v. Brotherhood of Railroad Trainmen (D.C.Mo.1968), 284 F.Supp. 491, a railroad employee brought an action in state court against his employer and his union because of his discharge. The action was removed to federal court. If the claims against the employer and the union were separate and independent claims or causes of action, the case was properly removed. The Court held that the case was not removable. The Court, after referring to a number of authorities, stated (p. 493):

"In light of these authorities, we do not believe it can fairly be said that plaintiff's action against the two parties can be said to present separate and independent claims or causes of action but that plaintiff seeks to recover for a single wrong in which damages must be apportioned between the defendants * * *."

It is the view of the Court that in the present case each of the plaintiffs made one basic claim and that was that the defendant Telephone Company had breached its contract of employment by a violation of the seniority clause, the damages for which breach were enhanced by the conduct of the defendant Unions.

It is the holding of the Court that the claims of the plaintiffs are not barred by the statute of limitations.

■ Five of the plaintiffs during the period they were unemployed received unemployment compensation under the provisions of the Puerto Rico Employment Security Act, Title 29, L.P.R.A., Sections 701–717. Those plaintiffs and the amounts received by them are as follows:

| Name | Amount |
| --- | --- |
| Rosa M. Figueroa de Arroyo | $208.00 |
| Andrea Colon Tubens | 208.00 |
| Iris Trabal Quintana | 416.00 |
| Luz Arminda Toro Tirado | 208.00 |
| Elsie Torres Ramos | 416.00 |

In the judgment entered in this action the Court directed that the amounts of those payments be deducted from the amounts fixed by the jury as damages.

In their post-trial motions those plaintiffs move that the judgment be amended to eliminate such deductions. It appears from the authorities that those plaintiffs are entitled to such elimination. Magelssen v. Local Union No. 518, Operative Plasterers, etc. (D.C.1965), 240 F.Supp. 259, 263; Pennington v. Whiting Tubular Products, Inc. (1963), 370 Mich. 590, 122 N.W.2d 692.

IT IS HEREBY ORDERED that the judgment heretofore entered herein be amended to eliminate the provision contained therein deducting the amount of the unemployment compensation payments from the amount of damages recoverable by those plaintiffs.

IT IS FURTHER ORDERED that the judgment in favor of those plaintiffs against the defendants be increased accordingly.

The parties made a number of contentions other than those referred to. The Court has considered them. It is of the view that not any of them are well founded.

IT IS FURTHER ORDERED that, save as to the amending of the judgment in regard to the matter of unemployment compensation payments, all of the post-trial motions of the parties be and they are hereby in all respects overruled and denied.