*629 McCormack, J.
(concurring in part and dissenting in part). I agree with the majority that the plaintiff presented sufficient evidence of discrimination such that the trial court did not err by denying the defendant’s motion for judgment notwithstanding the verdict. But I respectfully dissent from the majority’s decision to vacate the jury award for future damages. I do not agree that the defendant’s disclosures of the plaintiffs unprofessional conduct subjected the defendant to any “civil liability for the disclosure,” which I agree MCL 380.1230b(3) would bar. No, the defendant incurred all its civil liability in this case when it discharged the plaintiff on the basis of race in violation of the Civil Rights Act (CRA), MCL 37.2101 et seq. The jury established that fact through its verdict in the plaintiffs favor. The jury’s consideration of the defendant’s disclosures merely provided the basis for the jury to determine the extent of the plaintiffs damages, a very different question from the issue of the defendant’s liability.
I. MCL 380.1230b
As the majority observes, MCL 380.1230b(3) immunizes an employer from “civil liability” for disclosing information in good faith to a potential school employer about an employee’s unprofessional conduct. As I see it, there are two ways that an employer might theoretically demonstrate that an employee seeks to hold it civilly liable for its disclosure of the employee’s unprofessional conduct to potential employers, thereby entitling it to immunity under MCL 380.1230b.
First, the employer could show that the employee is suing it for an actual injury caused by the disclosure and resultant damages—in a cause of action for defamation, for example. No one suggests that is the case *630 here, given that the plaintiff sued for a completely different injury—a discriminatory discharge under the CRA.
Second, the employer can show that the plaintiffs separate action, arising from a violation of the CRA in this case, is attempting to hold it civilly liable for its disclosures under MCL 380.1230b by, as the plaintiff in this case describes it, “enhancing] [the] damages” through the introduction of evidence of harm caused by the disclosures. The majority accepts this second theoretical basis for granting immunity under MCL 380.1230b. The majority reasons that our recent decisions discussing “liability” as including legal responsibility for damages flowing from an injury support the conclusion that allowing the plaintiff to recover damages established by introducing the defendant’s disclosures into evidence effectively subjects the defendant to more damages and, by extension, more liability. I disagree with this reasoning.
The defendant’s argument is flawed because it rests on the fundamentally faulty premise that the introduction of evidence of its disclosures increased the defendant’s liability because it increased the plaintiffs damages. The majority relies on dictionary definitions of the word “liability” and our decisions in Hannay v Transp Dep’t, 497 Mich 45; 860 NW2d 67 (2014), and In re Bradley Estate, 494 Mich 367; 835 NW2d 545 (2013), to support its conclusion that the statute precludes the plaintiff from introducing the disclosures into evidence to prove his future damages. I respectfully disagree. Liability and damages are related, of course, but they are not the same thing. One illustration of this fact is our courts’ common practice of bifurcating proceedings on these two issues, conducting a liability phase followed by a damages phase. See, e.g., Adama v Doehler- *631 Jarvis, Div of N L Indus, Inc (On Remand), 144 Mich App 764, 767; 376 NW2d 406 (1985).
Disclosing the plaintiffs unprofessional conduct did not create additional legal responsibility for which the defendant was on the hook; rather, it was the alleged illegal act of discharging the plaintiff based on his race that gave rise to all the defendant’s liability, i.e., its legal responsibility arising from a wrongful action. The injury from which the liability arose was the discriminatory discharge, not the disclosures. Introducing evidence of the defendant’s disclosures of the plaintiffs conduct merely assisted the jury in determining the appropriate remedy for the discriminatory discharge. Put differently, evidence of the disclosures helped the jury determine the appropriate amount of damages for which the defendant was legally responsible because of its discriminatory conduct. See, e.g., Bradley Estate, 494 Mich at 397 (holding that “tort liability” includes “all legal responsibility arising from noncontractual civil wrongs for which a remedy may he obtained in the form of compensatory damages”) (emphasis added).
This conclusion is entirely consistent with the dictionary definitions of the word “liability” cited by the majority and with dictionary definitions of the word “damages.” The defendant’s liability, i.e., the defendant’s “quality, state, or condition of being legally obligated” for damages was triggered by the allegedly discriminatory decision to terminate the plaintiffs employment. Black’s Law Dictionary (10th ed). “Damages” are defined as “[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury].]” Black’s Law Dictionary (7th ed).
MCL 380.1230b(3) confers immunity from liability, in other words, the state of being legally obligated for *632 damages, “for the disclosure,” not from paying money as compensation for a state of legal responsibility unrelated to the disclosure. Because the statutory immunity is tied to the liability and not the remedy, I agree with the plaintiff that MCL 380.1230b(3) only precludes imposing liability (and damages flowing therefrom) on a defendant when the liability arises from an injury caused by the disclosure itself.
This Court’s decision in Hannay further supports my analysis. In Hannay, 497 Mich at 64, we observed that “ ‘damages’ and ‘injury’ are not one and the same—damages flow from the injury.” Because the damages flow from the injury, and the injury in this case is the discriminatory discharge, evidence of the disclosures did not impose any additional liability on the defendant.
Bradley Estate, 497 Mich 367, is largely inapposite here. That case involved a determination whether the plaintiff was seeking to impose “tort liability” on the defendant by bringing an action for civil contempt. This Court answered the question in the affirmative. But the central question in that case was whether the plaintiffs action for civil contempt constituted a “tort” suit; there was no dispute that if the answer to that question was yes, the governmental tort liability act, MCL 691.1401 et seq., barred both liability and (necessarily) damages. The defendant in this case does not assert that the plaintiffs CRA claim is barred by MCL 380.1230b(3) or that the jury’s determination that the defendant was liable for employment discrimination was improper under the statute; the sole issue is whether the admission of the defendant’s disclosures to allow the jury to determine the proper amount of damages constituted “civil liability for the disclosure” under MCL 380.1230b(3).
*633 This Court’s decision in Henry v Dow Chem Co, 473 Mich 63; 701 NW2d 684 (2005), is far more helpful than Bradley Estate or Hannay. Henry instructs that a plaintiff must establish an actual injury before damages can be established, that the two are distinct, and that damages flow from the injury. Henry, 473 Mich at 75. As explained, disclosure of a school employee’s unprofessional conduct is not an injury giving rise to damages unless the plaintiff seeks to hold the defendant liable “for the disclosure” itself. MCL 380.1230b(3). This conclusion is confirmed if one considers what could have happened if the trial court had barred evidence of the defendant’s disclosures. The plaintiff presumably could have introduced other evidence showing that he applied for but was unable to obtain other teaching jobs, and the jury could have returned a verdict for exactly the same amount of damages on that basis.[1] The entirety of the defendant’s liability emanates from the discriminatory discharge, not the disclosures. Damages determined as a result of the disclosures did not expose the defendant to any additional legal responsibility; instead, the disclosures simply illustrated the harm for which the plaintiff sought a remedy. The defendant had already incurred legal responsibility for that harm by discriminatorily discharging the plaintiff.
The defendant’s argument, while containing some surface appeal in its simplicity, amounts to this fallacy: the admission into evidence of the disclosures increased the plaintiffs damages, and liability is defined to include damages, so the disclosure exposed the *634 defendant to greater liability from which it is immune. But this is contrary to Henry, one must demonstrate an actual injury before damages can be assessed, and the defendant’s attempt to work backward from the alleged “enhanced damages” from the disclosures to a new injury in the disclosures is contrary to Henry. In short, one cannot use damages to establish injury.[2] Because damages all “flow from the injury,” Hannay, 497 Mich at 64, and not the other direction, the defendant’s underlying premise that the disclosures somehow increased the liability from the discriminatory discharge is incorrect.
Had the Legislature intended the result reached by the majority, it could have expressed that intent much more plainly by stating that an employer that discloses information in good faith under the statute is immune from any damages established by the disclosure. Alternatively, it could have simply said that evidence of an employer’s good faith disclosure under the statute is not admissible in a civil proceeding to establish a plaintiffs damages. But it did not do so; instead, it said that a defendant is immune from civil liability “for the disclosure.” Given the absence of compelling textual support for the defendant’s argument, I conclude that the Legislature did not intend to foreclose a plaintiff, who has established liability for an illegal discharge, from introducing evidence of an employer’s disclosures in order to establish future damages and prove that he or she attempted to mitigate those damages.
*635 Accordingly, because the plaintiffs injury was the discriminatory discharge rather than the defendant’s disclosures, and it was the discriminatory discharge for which the defendant was held liable, the future damages award did not constitute “civil liability for the disclosure.” MCL 380.1230b(3) (emphasis added). Quite simply, the disclosures merely allowed the plaintiff to demonstrate to the jury the full scope of his damages resulting from the defendant’s discriminatory discharge decision. I would therefore sustain the jury’s award of future damages; I respectfully dissent from the majority’s decision to the contrary.
II. CONCLUSION
I concur with the majority’s decision to uphold the jury’s verdict finding that the defendant unlawfully discriminated against the plaintiff on the basis of race. But I dissent from the majority’s conclusion that MCL 380.1230b(3) barred admission into evidence of the defendant’s disclosures of the plaintiffs unprofessional conduct. I would therefore uphold the damages award and affirm the judgment below in its entirety.
Bernstein, J., concurred with McCormack, J.

 In fact, the plaintiff had to introduce such evidence. See Morris v Clawson Tank Co, 459 Mich 256, 264; 587 NW2d 253 (1998) (stating that the victim of a discriminatory discharge must mitigate his or her damages by making reasonable efforts to find new employment).

 The majority contends that Henry is not helpful here because its distinction between “injury” and “damages” says nothing about liability. But an injury is precisely what gives rise to liability (and resulting damages) in the first place; one does not typically incur legal responsibility for benign conduct. Because the two are inextricably linked, the majority’s observation that the statute contains no injury requirement is, in my view, beside the point.